UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-425 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Demarcus Carod Howard, | |
| Defendant. | |

Tracy L. Perzel, Assistant United States Attorney, for the Government.
Steve L. Bergeson, Esq., for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 19, 2007, on Defendant's motion to suppress evidence obtained as a result of search and seizure [#15] and Defendant's motion to suppress statements, admissions or confessions [#16]. At the hearing, the Government represented that the Defendant did not make any statements to law enforcement, therefore the Defendant's motion to suppress statements, admissions or confessions [#16] is moot. In reference to the Defendant's motion to suppress evidence obtained as a result of search and seizure [#15], the Court received two exhibits. Government's exhibit number one is an application for search warrant with supporting affidavit, search warrant, and search warrant inventory for two vehicles and an apartment in Minneapolis, Minnesota. Government's exhibit number two is an application for search warrant with supporting affidavit, search warrant, and search warrant inventory for Defendant's person and a residence in Bloomington, Minnesota. The Court did not receive any evidence other than the Government's two exhibits. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendant's motions be denied.

## I.  FINDINGS OF FACT

The affidavit in support of both search warrants was prepared by Detective Otterness of the Bloomington Police Department.  (Application, Ex. 1, 1-2.)  Detective Otterness has been a police officer since 1991.  (*Id*.)  Since May 2002, he has investigated controlled substance crimes.  (*Id*.)  Since March 2006, he has served as a Task Force Officer with the Drug Enforcement Administration.  (*Id*.)

The affidavit attached to the application for the search warrant for the two vehicles and the Minneapolis apartment contains information from a confidential informant (hereinafter "CI"). Detective Otterness states in his affidavit that he is familiar with the CI and has met with him on more than one occasion.  (*Id*.)  The CI does not have a criminal history and cooperated with law enforcement in hopes of gaining consideration for an associate currently awaiting sentencing.  (*Id*.)

During August 2007, the CI informed Detective Otterness that the Defendant was actively involved in trafficking cocaine and crack cocaine.  The CI stated that he had purchased crack cocaine from the Defendant on two occasions, since June 2007, at the Minneapolis apartment that is the subject of this search warrant.  (*Id*.)  The CI also stated he was aware that a red, 1993 GMC Pickup and a white, 1999 GMC were used by the Defendant to deliver drugs.  (*Id*. at 1-3.)  Detective Otterness conducted surveillance and observed the two vehicles described by the CI parked outside the Minneapolis apartment.  (*Id*.)  A criminal history report for the Defendant showed that he was a convicted felon.  (*Id*. at 1-4.)  The Defendant had prior convictions for narcotic offenses and domestic assault.  (*Id*.)

The CI told Detective Otterness that on September 28, 2007, and October 1, 2007, he observed Defendant "cooking" crack cocaine in the Minneapolis apartment.  (*Id*. at 1-2.)  The CI

stated that the Defendant had a handgun lying in plain view at the residence. (*Id*. at 1-3.) The CI also provided the mobile phone number used by the Defendant in arranging narcotics transactions. (*Id*.) Detective Otterness verified through the telephone company that the mobile phone number registered to the Defendant. (*Id*.) Detective Otterness also confirmed that Defendant provided this mobile phone number to the Bloomington Police Department during a June 2007 arrest . (*Id*. at 1-4.)

Sometime between October 1, 2007, and October 3, 2007, the CI conducted a controlled purchase of crack cocaine from the Defendant inside the Minneapolis apartment. (*Id*.) The CI used pre-recorded buy money and purchased approximately 4.4 grams of crack cocaine. (*Id*.)

Based on all the above facts, Detective Otterness applied for and received a search warrant based upon probable cause to believe that there was evidence of narcotics trafficking and related activities at the Minneapolis apartment and the two vehicles described in the search warrant application. (Search Warrant, Ex. 1.) The search warrant was executed on October 4, 2007. (Inventory, Ex. 1.) During the execution of the warrant, law enforcement seized narcotics, materials used in preparation and packaging of narcotics, cash, cell phones, ammunition, and documents in Defendant's name. (*Id*.)

On October 4, 2007, Detective Otterness prepared the affidavit in support of the second search warrant for Defendant's person and a residence in Bloomington, Minnesota. (Application, Ex. 2.) The affidavit in support of this second search warrant restated all the information in the affidavit for the search warrant for the Minneapolis apartment. (*Id*.) In addition, the affidavit described the narcotics, cash, and ammunition found during the execution of the search warrant at the Minneapolis apartment. (Application, Ex. 2, 1-5.) The affidavit also stated that the execution of the warrant upon the Minneapolis apartment confirmed that Defendant resided at the apartment.

3

(*Id.*)

The affidavit also stated that, just prior to the execution of the search warrant on the Minneapolis apartment, law enforcement witnessed the Defendant enter the Bloomington residence. (*Id.*) The Defendant arrived at the Bloomington residence in one of the vehicles described in the search warrant for the apartment in Minneapolis. (*Id.*) The Defendant was still present at the Bloomington residence. (*Id.*) Detective Otterness stated that the amount of ammunition and lack of a firearm at the Minneapolis apartment suggested that the Defendant may be in possession of a firearm. (*Id.*)

Based on all the above facts, Detective Otterness applied for and received a search warrant based upon probable cause to believe that evidence used in committing a crime would be on Defendant's person or at the Bloomington residence. (Search Warrant, Ex. 2.) The search warrant was executed on October 4, 2007. (Inventory, Ex. 2.) During the execution of the warrant, law enforcement seized Defendant's person, narcotics from his person, and ammunition from the area of the residence he was found. (*Id.*)

## II.   CONCLUSIONS OF LAW

**A.    The Affidavits in Support of the Search Warrants Provided Probable Cause for the Issuance of the Search Warrants.**

Defendant challenges the search warrants issued in this case on their four corners. Searches conducted pursuant to a warrant are reviewed to determine whether the information in the warrant application and supporting affidavit provided probable cause for the search. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir.2000)

(citing *Gates*, 462 U.S. at 236).  When determining whether probable cause exists, a court does not evaluate each piece of information independently, but, rather, considers all of the facts for their cumulative meaning.  *United States v. Allen,* 297 F.3d 790, 794 (8th Cir.2002).  The task of a court issuing a search warrant is "simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Gates*, 462 U.S. at 238; *see also United States v. Salter*, 358 F.3d 1080, 1084 (8th Cir.2004).

In reviewing the decision of the issuing court, this Court must ensure that the issuing court " 'had a substantial basis for . . . conclud[ing] that probable cause existed.' "  *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir.2003) (quoting *Gates*, 462 U.S. at 238-39.)  Since reasonable minds may differ on whether a particular search warrant affidavit establishes probable cause, the issuing court's determination is accorded great deference.  *United States v. Wajda*, 810 F.2d 754, 760 (8th Cir.1987) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)).

The Court concludes that, given the totality of the circumstances described in the affidavits in support of the search warrants, a reasonable person could believe there was a fair probability that evidence of criminal activity would be found at the Minneapolis apartment and the Bloomington residence.  Detective Otterness received information from a confidential informant that the Defendant sold narcotics from the Minneapolis apartment and with the use of the two vehicles in the search warrant. Detective Otterness verified information provided by the CI and, ultimately, set-up a controlled buy from the Defendant at the Minneapolis apartment.  This information provided probable cause for the issuance of the warrant on the Minneapolis apartment and the two vehicles.

The search of the Minneapolis revealed that the Defendant, a convicted felon, possessed a substantial amount of ammunition, but no firearm was found at the residence. This provided probable cause to believe that the Defendant may have a firearm on his person. Furthermore, Detective Otterness had visual confirmation that the Defendant was present at the Bloomington residence. This information provided probable cause for a search warrant for the Defendant's person and the Bloomington residence for the Defendant and any firearms or ammunition. In summary, the information in the applications for the search warrants provided probable cause for the issuance of the search warrants, and the version of events recorded in the affidavits have not been refuted by any other evidence in the record.

**B.     The Good Faith Exception to the Warrant Requirement Applies to the Present Case and All Evidence Seized During the Execution of the Search Warrant is Admissible.**

Even if this Court were to determine that the application in support of the search warrant did not provide probable cause for the issuance of a search warrant on the residence, the officers who executed the search warrant on the residence did so in the good faith belief that the search warrant was supported by probable cause, as it had been issued by a district court judge who determined that probable cause existed. The good-faith exception to the exclusionary rule provides that evidence will not be excluded where police officers reasonably rely on a search warrant issued by a neutral judicial officer, even if that search warrant is later declared invalid. *See United States v. Leon*, 468 U.S. 897, 925-26 (1984). The detective in this case reasonably relied on search warrants that were issued by a neutral judicial officer; therefore, even if the search warrants in this case were not supported by probable cause, the evidence seized as a result of the execution of those search warrants is still admissible.

### III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to suppress evidence obtained as a result of search and seizure [#15] be **DENIED** and Defendant's motion to suppress statements, admissions or confessions [#16] be **DENIED** as moot.


DATED: January 8, 2008                         s/ *Franklin L. Noel*
                                                                                    FRANKLIN L. NOEL
                                                                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 23, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 23, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.