UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-425 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| DEMARCUS CAROD HOWARD, | |
| Defendant. | |

Tracy L. Perzel, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Steve L. Bergeson, **TUTTLE BERGESON, P.A.**, 1275 Ramsey Street, Suite 600, Shakopee, MN 55379, for defendant.

This case is now before the Court on defendant Demarcus Carod Howard's objections to a Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on January 8, 2008.  The Magistrate Judge recommended the denial of defendant's Motion to Suppress Evidence Obtained as a Result of Search Warrant and Motion to Suppress Admissions or Confessions.  Defendant now objects to the recommended denial of his Motion for Suppression of Evidence Obtained as a Result of Search Warrant.[1]  The Court has conducted a *de novo* review of defendant's objections, pursuant to 28 U.S.C. § 636 (b)(1)(C) and Local Rule 72.2(b).  For the reasons given

---

[1] The Magistrate Judge recommended the denial of defendant's Motion for Suppression of Admissions or Confessions as moot after noting that defendant did not make any statements to law enforcement.  Defendant has not filed objections to this recommendation.  Thus, the Court adopts this recommendation without further discussion.

below, the Court overrules defendant's objections, and adopts the Report and Recommendation of the Magistrate Judge.

## ANALYSIS

Defendant's motion to suppress concerns incriminating evidence recovered during the execution of two search warrants. In support of the application for the first warrant, Detective Denis Otterness of the Bloomington Police Department submitted the following information: (1) a confidential informant ("CI") without a criminal record reported purchasing crack cocaine from the defendant on two separate occasions, with both purchases occurring in the same Minneapolis apartment; (2) the CI described two vehicles that the defendant used to deliver drugs, and both vehicles were later observed parked outside the Minneapolis apartment the CI had identified; (3) the CI reported observing the defendant "cooking" crack in the Minneapolis apartment on both September 28, 2007, and October 1, 2007; (4) a criminal history report revealed that defendant is a convicted felon, with prior drug offenses; (5) the CI provided police with a mobile phone number used by defendant in drug transactions, and police confirmed that this number was for a cellular phone registered to defendant; and (6) the CI conducted a controlled purchase of crack from defendant in the Minneapolis apartment sometime between October 1 and October 3, 2007. On the basis of this information, a district judge found probable cause for a search of the Minneapolis apartment and the two vehicles and issued a search warrant. The search was executed on October 4, 2007, and law

enforcement officers recovered narcotics, materials used in preparing and packaging narcotics, cash, ammunition, and documents in defendant's name.

In support of an application for a second warrant, Detective Otterness repeated the information discussed above and described the fruits of the first search.  Otterness also added the following: (1) the earlier search confirmed that defendant was currently residing in the Minneapolis apartment; (2) law enforcement officers conducting surveillance observed defendant entering a Bloomington apartment shortly before the execution of the first warrant, and he was still present in that apartment; (3) defendant had arrived at the Bloomington apartment in one of the cars described in the first warrant application; and (4) law enforcement had failed to uncover a weapon in the Minneapolis apartment despite finding substantial ammunition, and thus believed that the weapon may be on defendant's person.  As a convicted felon, defendant was prohibited from possessing a firearm.  A district judge found probable cause to believe that property used in committing a crime (i.e. the weapon) was either in the Bloomington apartment or on defendant's person, and that the defendant would be found in the apartment.  The warrant was issued and the search was executed on October 4, 2007.  Law enforcement seized defendant's person, and also recovered narcotics from defendant's person and ammunition from the area of the apartment where the defendant was located.

Defendant moved to suppress the recovered evidence, arguing that the applications for the two warrants did not provide probable cause for the two searches.  The only evidence received by the Magistrate Judge in relation to this motion was the two search warrants, the two supporting affidavits, and the two search warrant inventories.  The

Magistrate Judge found probable cause for the issuance of each warrant on the basis of the information reviewed above, and also found that, in the alternative, the officers executed the warrants with a good faith belief that they were supported by probable cause. *See United States v. Leon*, 468 U.S. 897, 925-26 (1984).

Defendant now makes a one-sentence objection to the Magistrate Judge's recommendations, contending that "the application for the search warrant contained no evidence that could reasonably lead to the conclusion that the defendant resided at the residence that was the subject of the search warrant or that the defendant or controlled substances connected to the defendant would be found at the residence." Defendant does not identify which search warrant he is challenging, discusses no facts in support of his contention, and cites to no legal authorities. After a careful review of the record, the Court agrees with the Magistrate Judge that the warrant applications summarized above supplied probable cause for the approved warrants. The task for the judges issuing the warrants was merely to make a "practical, common-sense decision" whether, in light of the totality of the circumstances, there was a "fair probability that contraband or evidence of a crime [would] be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Regardless of what law enforcement knew about where defendant lived – or whether they were ultimately correct about which specific contraband they would uncover in Bloomington – there was more than sufficient evidence to find that "fair probability" here. Specifically as to the probability of finding defendant's person in the Bloomington apartment, the warrant application indicated that law enforcement had

watched him go inside. Accordingly, the Court adopts the Magistrate Judge's recommendation to deny defendant's motion to suppress.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket No. 32] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 27]. **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Admissions or Confessions [Docket No. 16] is **DENIED** as moot.

2. Defendant's Motion to Suppress Evidence Obtained as a Result of Search Warrant [Docket No. 15] is **DENIED**.

DATED: April 4, 2008
at Minneapolis, Minnesota.

           s/ John R. Tunheim
           JOHN R. TUNHEIM
           United States District Judge